## Department of Environmental Resources v. Allias

*R. S. Ehmann, Special Assistant Attorney General,* for plaintiff.
*James Liberto,* for defendants.

MIHALICH, *J.,* January 31, 1977 — This case is before the court en banc for disposition of plaintiff's exceptions to opinion, findings of fact, conclusions of law, decree nisi and order dated February 3, 1976. Plaintiff commenced this action in equity pursuant to the Water Obstruction Act of June 25, 1913, P.L. 555, as amended, 32 P.S. §681 et seq. Plaintiff alleged that defendants constructed a water obstruction without obtaining a permit. A default judgment was entered and hearing was held October 26, 1973. Defendants were present but not represented by counsel.

The testimony revealed that adjoining neighbors of defendants directed surface water across defendants' land. Thereafter, defendants filled in a low area, and Commonwealth subsequently filed this lawsuit.

After hearing, the court opened the default judgment sua sponte, and dismissed the suit for failure of the Commonwealth to establish the obstruction of a "stream or body of water." Plaintiff filed exceptions to the chancellor's opinion, findings of fact, conclusions of law and decree nisi, which were argued before, and dismissed by, the court en banc of Westmoreland County. This decision was appealed to the Commonwealth Court of Pennsylvania, and the case remanded to the Court of Common Pleas of Westmoreland County with directions to "either frame a final decree in accordance with Rule 1511(b) of the Pennsylvania Rules of Civil Procedure or strike from the record the judgment entered on September 13, 1973." . . .

The Water Obstruction Act's scope of application is defined in sections 1 and 2 of the act, which provide:

"The term 'water obstruction,' as used in this act, includes any dam, wall, wing-wall, wharf, embankment, abutment, projection, bridge, or similar or analogous structure, or any other obstruction whatsoever, in, along, across, or projecting into or being in any stream or body of water wholly or partly within, or forming part of the boundary of, this Commonwealth, except the tidal waters of the Delaware River and of its navigable tributaries.

"The word 'construct' shall be taken to mean construct, erect, build, place, or deposit.

"Except as provided herein, from and after the passage of this act, it shall be unlawful for any person or persons, partnership, association, corporation, county, city, borough, town, or township to construct any dam or other water obstruction; or to make or construct, or permit to be made or constructed, any change therein or addition thereto; or to make, or permit to be made, any change in or addition to any existing water obstruction; or in any manner to change or diminish the course, current, or cross section of any stream or body of water, wholly or partly within, or forming a part of the boundary of, this Commonwealth, except the tidal waters of the Delaware River and of its navigable tributaries, without the consent or permit of the Water and Power Resources Board, in writing, previously obtained, upon written application to said board therefor. The director, Bureau of Municipal Services of the Pennsylvania Department of Highways may authorize the repair of any township bridge having a span of twenty feet or less in a township of the second class without the consent or

permit of the Water and Power Resources Board."

The provisions of the Water Obstruction Act are applicable only to obstructions in "any stream or body of water." This act does not apply to any obstructions in a natural drainage channel. To construe the application of this act to all natural drainage channels would require a property owner to obtain a permit "under this act" before he could fill in any natural depression in the ground. Any natural depression in the ground would, to a certain extent, direct the flow of surface water and could be construed as a natural drainage channel. It is the opinion of this court that the provisions of this act are limited in application to an obstruction in an existing body of water or a natural stream. A stream is defined as a body of running water, especially such a body moving over the earth's surface in a channel or bed, as a brook, rivulet or river. The stream also implies that for a considerable part of the year there is a steady flow of water.

Commonwealth pleads in its complaint an "obstruction in the natural drainage channel on property" owned by defendants. The Commonwealth has neither pleaded a cause of action within the scope of the act nor established an obstruction in a "stream or a body of water." The Commonwealth did establish the existence of certain springs, but the extent of water produced was not found by the trial court to be sufficient in flow to meet the statutory requirement of a stream or body of water. While the Commonwealth did establish occasional accumulation of water in front of the "fill," it is significant that this accumulation was created by artificial and intentional direction of water through man-made conduits onto the land of defendants.

The Commonwealth, in its road construction, artificially diverted water onto defendants' neighbors' property, who, in turn, constructed conduits and directed the water onto defendants' land. Several other adjoining neighbors also constructed water conduits which collected spring water and drainage water. This was also discharged onto defendants' property. Admittedly, the neighbors did this in violation of the Water Obstruction Act, did not obtain any type of permit from any other governmental body and did this without obtaining permission or right-of-way from defendants. Now these neighbors and the Commonwealth demand that defendants utilize their land so as not to inhibit the flow of water which they artificially directed onto the land of defendants.

The trial court, in its prior opinion and order dated December 12, 1973, had determined that the Commonwealth did not plead or prove a valid cause of action.

By order dated February 3, 1976, the default judgment entered against defendants was properly stricken because the record established that the judgment was based on ineffective and insufficient pleadings and proof.

Since the Commonwealth has failed to establish a cause of action, the court will enter the following

## ORDER

And now, January 31, 1977, it is hereby ordered, adjudged and decreed that plaintiff's exceptions to opinion, findings of fact, conclusions of law, decree nisi and order of court are dismissed.